**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAY - 1 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

CHARLES CURRY,                                          )
                                                        )
                        Plaintiff,                      )
                                                        )
            v.                                          )        Civil Action No. 18-0957 (UNA)
                                                        )
U.S. DEPARTMENT OF JUSTICE, *et al.*,                   )
                                                        )
                        Defendants.                     )
                                                        )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis*

and his *pro se* complaint.   The plaintiff alleges that the defendants are responsible for the mass

incarceration of African Americans, including himself, and he demands an award of $100,000.

With respect to the plaintiff's demands for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid .
> . . plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas
> corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  The plaintiff does not demonstrate that his

conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for

damages fails.  *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub*

*nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*,

No. 07-1172, 2008 WL 2202219  (D.D.C. May 27, 2008).

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  An Order is issued separately.

DATE: April 30, 2018

_____
United States District Judge